JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
JOSE E. VALENZUELA, III, ESQ.
Nevada Bar No. 12510
LBC LAW GROUP
3215 W. Charleston Blvd., Ste. 120
Las Vegas, Nevada 89102
Ph.: (702) 608-3030
Fax: (702) 463-4443
info@lbclawgroup.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOE SMITH, an individual,<br><br>    Plaintiff<br><br>    v.<br><br>NICHOLAS & CO. FOODSERVICE, LLC; DOES I through V, inclusive; and ROE CORPORATIONS VI through X, inclusive,<br><br>    Defendants. | Case No.:<br><br><br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

COMES NOW, Plaintiff, JOE SMITH, by and through his counsel of record, LBC LAW GROUP and alleges as follows:

### PARTIES

1.  At all times material hereto, Plaintiff JOE SMITH (hereinafter "Plaintiff") was a resident of the State of Nevada, County of Clark.

2.  Upon information and belief, Defendant NICHOLAS & CO. FOODSERVICE, LLC ("Defendant"), is and was at all relevant times a domestic liability company formed under the laws of the State of Nevada, conducting business in the County of Clark, and having a headquarters in the County of Clark, State of Nevada.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES I through V, inclusive, and ROE CORPORATIONS VI through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and the Plaintiff's damages as alleged were proximately caused by each Defendant's conduct.

4. At all relevant times, Defendants were agents, servants, employees or join venturers of every other Defendant herein, and at all times mentioned herein were acting within the course and scope of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

## JURISDICTION AND VENUE

5. This is an action arising under the laws of the United States of America, discrimination in employment laws, such as, *inter alia*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the Civil Rights Act of 1991.

6. The jurisdiction of this Court is invoked pursuant to the provisions of Title VII, 42 U.S.C. §§ 2000e-5 and 100e-16(c), and the general civil rights jurisdictional provisions of 28 U.S.C. § 1343(a)(4) and/or § 1345.

7. Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

8. Venue is invoked pursuant to 42 U.S.C. § 2000e-5(f), §2000e-6(b), and 28 U.S.C. § 1931 and is proper because a substantial portion of the events, acts or omissions giving rise to the claims occurred in southern Nevada and because at all relevant times Defendant was doing

1  business in southern Nevada.

2  9. Defendant's conduct is discriminatory with respect to Plaintiff's color and race, and in retaliation for complaining about discrimination.

10. The conduct complained of in this action involved, *inter alia*, termination from employment based upon Plaintiff's protected status as a minority with respect to race and color.

11. Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b), (c), or (d).

12. Plaintiff filed charges with the United States Equal Employment Opportunity Commission ("EEOC") regarding the discrimination and was issued a Notice of Right to Sue on or about November 16, 2017, attached hereto as Exhibit "1".

13. Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f), and Defendant employs more than 15 employees.

14. Defendant is engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

15. Plaintiff has exhausted his administrative remedies in compliance with Title VII.

**FACTS**

16. Plaintiff worked for Defendant from June 8, 2015 through July 24, 2017.

17. At the time of his termination, Plaintiff was employed by Defendant as a lead driver.

18. From the onset of his employment with Defendant, Plaintiff was constantly singled out, harassed, criticized and scrutinized more than his non-Black so-workers who were similarly situated within Defendant's company.

19. If Plaintiff was not Black, he would not have been treated worse than similarly situated non-Black workers.

20. The majority of the discriminatory conduct was directed to him by and through Defendant's Transportation Manager, Chris Howard.

21. Mr. Howard would constantly tell Plaintiff, "The guys are telling me you're lazy and that you're not doing your job."

22. Mr. Howard would often ask other employees about Plaintiff's job performance,

but did not ask employees about the job performance of other non-Black workers.

23. While Mr. Howard would regularly tell Plaintiff that he was "lazy and sloppy," upper management continued to promote Plaintiff based on his stellar job performance.

24. In mid-June of 2017, Plaintiff complained to Vice President of Transportation, Nonda Daimant (non-Black) about Mr. Howard's disparate treatment towards Plaintiff.

25. Plaintiff also reported to Ms. Daimant that Mr. Howard had overlooked four (4) drivers (all Black) that Plaintiff had recommended to the company despite them meeting the requirements and having interviewed well.

26. Mr. Howard, however, opted to hire two non-Black drivers who had less experience and other credentials than the four (4) Black drivers that Mr. Howard interviewed.

27. Approximately one to one-and-a-half months after Plaintiff made a discrimination complaint to Ms. Daimant about Mr. Howard, Plaintiff was terminated from the company.

28. The reason given for Plaintiff's termination was pretext.

29. Plaintiff was told that he was terminated for failing to report a driver who would be arriving late, but Plaintiff had no responsibility over said driver.

30. While Plaintiff was suspended pending investigation, Mr. Howard called Plaintiff to inform him that he was discharged.

31. Less than one week later, Plaintiff submitted a letter to Defendant regarding the impropriety of his termination, but Defendant refused to respond to Plaintiff's letter or investigate the allegations made therein.

32. Plaintiff filed for unemployment benefits following his termination.

33. Defendant contested Plaintiff's application for unemployment benefits.

34. The case was tried before an administrative tribunal which found that Defendant failed to establish that Plaintiff was terminated for misconduct.

35. It is Plaintiff's contention that he was terminated due to discrimination based on race and color and/or in retaliation for internally complaining about discrimination.

. . .

. . .

## FIRST CAUSE OF ACTION

### (Unlawful Discrimination Based on Color, Race, and Retaliation)

36. Plaintiff reaffirms and realleges Paragraphs 1-29 as if specifically set forth herein.

37. Plaintiff, at all relevant times, was in a protected class pursuant to Title VII of the Civil Rights Act of 1964, as amended.

38. Defendant engaged in unlawful discrimination directed toward Plaintiff, treating him and others different that similarly situated co-workers of Plaintiff who were not Black.

39. Plaintiff sustained damages as an actual and proximate result of Defendant's unlawful action(s) towards Plaintiff.

40. Plaintiff was forced to hire legal counsel to bring the instant action.

## SECOND CAUSE OF ACTION

### (Violation of NRS 613, et seq.)

41. Plaintiff reaffirms and realleges Paragraphs 1-34 as if specifically set forth herein.

42. Upon information and good faith belief, Defendant has a practice of engaging in employment practices that violate Nevada law.

43. Defendant refused or failed to afford the same benefits to Plaintiff as those afforded to non-Black persons.

44. Plaintiff sustained damages as an actual and proximate result of Defendant's unlawful action(s) towards Plaintiff.

45. Plaintiff was forced to hire legal counsel to bring the instant action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

a. Award compensatory damages to Plaintiff;

b. Award costs of this action to the Plaintiff;

c. Award reasonable attorney's fees and costs to the Plaintiff;

d. Award punitive damages against Defendant; and

e. Award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

DATED this 12th day of February, 2018.

LBC LAW GROUP

By: _____
JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
JOSE E. VALENZUELA, III, ESQ.
Nevada Bar No. 12510
3215 W. Charleston Blvd., Ste. 120
Las Vegas, Nevada 89102
Ph.: (702) 608-3030
Fax: (702) 463-4443
Email: info@lbclawgroup.com
*Attorneys for Plaintiff*

# EXHIBIT "1"

# EXHIBIT "1"

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Joe Smith<br>P.O. Box 271351<br>Las Vegas, NV 89127 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2017-01118 | Amy Nigro,<br>Investigator | (702) 388-5014 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

                NOV 16 2017

**Wendy K. Martin,**
**Local Office Director**
                *(Date Mailed)*

Enclosures(s)

cc: **NICHOLAS AND COMPANY**
    **Attn: HR Director**
    **5670 Nicco Way**
    **Las Vegas, NV 89115**