UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOE SMITH,

                    Plaintiff,

    v.

NICHOLAS & CO. FOODSERVICE, LLC,

                    Defendant.

Case No. 2:18-cv-00256-KJD-CWH

ORDER

       Presently before the Court is Plaintiff's Counsel Hatfield & Associates' Motion to Reduce Lien to Judgment (#31) and Motion to Withdraw as Attorney (#30). Though the time for doing so has passed, no responses in opposition have been filed. Having read and considered Counsel's Motion to Withdraw, and good cause being found, it is granted.

       District courts have ancillary jurisdiction over fee disputes generated by an attorney's withdrawal. See, e.g., Curry v. Del Priore, 941 F.2d 730, 731 (9th Cir. 1991). "Determining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction." Federal Sav. & Loan Ins. Corp. v. Ferrante, 364 F.3d 1037, 1041 (9th Cir. 2004) (quoting Jenkins v. Weinshienk, 670 F.2d 915, 919 (10th Cir. 1982)).

       The state's law in which a federal court sits governs resolution of an attorney lien. Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 (2d Cir. 1998) (federal courts resolve attorney liens by applying state law). Nevada statute allows for a retaining lien by an attorney for the fees owed to that attorney by his client. See N.R.S. 18.015(4)(b). That statutory scheme was amended in 2013 to make clear that a retaining lien is not passive in nature, and that judgment may be sought from the Court in "any civil action." N.R.S. 18.015(1)(b); see

also <u>Fredianelli v. Price</u>, 402 P.3d 1254, 1256 (Nev. 2017). Such relief may be sought by the filing of a motion for adjudication and enforcement of the lien. See N.R.S. 18.015(6). In <u>Fredianelli</u>, the Nevada Supreme Court clarified that enforcement of an attorney's statutory retaining lien includes reducing the lien to a monetary judgment. 402 P.3d at 1256. Here, Hatfield has sufficiently demonstrated the validity and reasonableness of his lien. Accordingly, the Court will order judgment be entered in the amount of $1,104.55.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Counsel's Motion to Withdraw (#30) is **GRANTED**;

IT IS FURTHER ORDERED that Hatfield & Associates' Motion to Reduce Lien to Judgment (#31) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Hatfield & Associates, Ltd., and attorney Trevor J. Hatfield, Esq. and against Plaintiff Joe Smith in the amount of $1,104.55.

DATED this 19TH day of December 2019.

_____
Kent J. Dawson
United States District Judge